UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>WILFREDO PEREZ | Crim. No. 3:96cr0186 (JBA)<br><br>December 4, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On June 2, 1997, Defendant Wilfredo Perez pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced on January 26, 1998, by the Honorable Dominic J. Squatrito to a term of 262 months' imprisonment. On March 20, 2015, Mr. Perez moved [Doc. # 598], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence. This case was transferred to the undersigned on June 17, 2015. For the following reasons, Mr. Perez's motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two,

'§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Perez contends and the Government agrees [Doc. # 601] that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. Nonetheless, the Government and the U.S. Probation Office [Doc. # 600] maintain that this Court should deny Mr. Perez's motion—despite his eligibility for a sentence reduction—due to public safety concerns including the substantial firearms recovered from Mr. Perez's business, person, and residence at the time he was arrested in this case, as well as the conduct later charged in a capital case, for which Mr. Perez is currently serving a life sentence without the possibility of parole.

In determining whether or how much to reduce Mr. Perez's sentence, the Court takes note of the fact that he has utilized his time productively during imprisonment. He received his high school equivalency diploma from the Mississippi Community College Board and has become certified as an associate electronics technician. (Addendum to PSR [Doc. # 599-1] at 2.) Additionally, he has been employed in the commissary since

---

[1] These factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) the need to provide restitution to any victims of the offense.

August 2013 and is described as a "great worker." (*Id.*) His prison conduct has thus been only positive. While the Government points to Mr. Perez's conduct for which he was convicted in another federal case involving conspiracy to commit interstate murder-for-hire and facilitating the murder of a rival drug distributor, the reality is that Mr. Perez is now serving a life sentence with no possibility of release and thus there appear to be no public safety concerns implicated by a sentence reduction in this case.

Therefore, the Court concludes that a reduction in Mr. Perez's sentence is warranted in light of his behavior and achievements in prison. The other § 3553(a) factors applied at his sentencing in this case resulted in a sentence at the bottom of the applicable guidelines. Mr. Perez and the Government agree that applying the Amendment to Mr. Perez would reduce his base level offense from 39, which carries a range of 262 to 327 months, to 37, which carries a range of 210 to 262 months. Similarly, sentencing him at the bottom of the applicable guidelines range this time, his sentence would be reduced to 210 months.

However, Mr. Perez has already served more than 210 months and "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." *See* U.S.S.G. 1B1.10(b)(2)(C). Accordingly, a reduction to time served is appropriate. *See, e.g.*, *United States v. Davis*, No. CRIM 98-10185-MLW, 2008 WL 2566753, at *1 (D. Mass. June 25, 2008) (reducing defendant's sentence to time served when defendant had already served four months more than the number of months his newly reduced sentence would have imposed); *United States v. Jeter*, No. C/A 7:02-CR-248-20, 2008 WL 867884, at *1 (D.S.C. Mar. 27, 2008) ("If this revised sentence is less than the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence.").

For the foregoing reasons, Mr. Perez's Motion [Doc. # 598] for Reduction in Sentence is GRANTED and, effective November 1, 2015, his term of imprisonment is

reduced to time served.  All other aspects of the original sentence shall remain in effect. The life sentence he is currently serving is unaffected by this ruling

>IT IS SO ORDERED.
>
>_____/s/_____
>Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of December, 2015.