UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Crim. No. 3:96-CR-186 (JBA) |
| WILFREDO PEREZ | February 22, 2022 |

**RULING ON MOTION TO EXTINGUISH FINE**

Defendant Wilfredo Perez moves for an extinguishment of the remaining $16,000 balance of the $25,000 fine he owes as part of his sentence. (Def.'s Mot. [Doc. # 605] at 1.) Defendant argues that the Court should credit the "thousands of dollars of repair and maintenance work . . . at FCI Otisville on an unpaid and volunteer basis" towards payment of his fine and consider it paid in full. (Def.'s Mot. at 4.) The Government opposes, arguing the fine should not be reduced or waived because "no showing can be made that reasonable efforts to collect the unpaid portion of the fine - $16,000 – will be ineffective," and that there is no basis for retroactively determining that Defendant's work can be applied towards the monetary balance of the fine. (Gov't's Opp'n [Doc. # 610] at 1.) For the reasons set forth below, the motion is denied.

**I.     Background**

Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine on June 2, 1997. (Gov't's Opp'n. at 1.) As part of Defendant's sentence, the Court (Judge Squatrito) ordered the Defendant to pay a fine of $25,000; part of the conditions of his supervised release was that the fine would be paid in installments of $400 per month. (*Id*.) Records "do not indicative conclusively why the fine was imposed, or was set at the level of $25,000."[1] (Def.'s Mot. at 1.) At the time the fine was issued, Defendant ran an automotive

---

[1] While a district's court failure to consider the financial implications of a fine and the defendant's ability to pay as required by 18 U.S.C. § 3572(a) would be error, such arguments

repair business with his family; no financial statement was ever filed, but in 1996 and 1997, he had total incomes of $18,000 and $9,200, respectively. (*Id.* at 1-2.) That business has since collapsed, and Defendant received "no money from it." (*Id.* at 2.) On October 20, 2008, Defendant moved pursuant to 18 U.S.C. §§ 3572(d)(3) and 3661 to adjust his fine payments based on material changes in his economic situation; Judge Squatrito denied the motion without prejudice. (Gov't's Opp'n at 2.) He has not renewed this motion.

Defendant moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on March 20, 2015; this Court granted his motion on December 4, 2015, and reduced his sentence to time served, but ordered that "[a]ll other aspects of the original sentence shall remain in effect." (*Id.*) His sentence in a related case, 3:02CR0007, was also reduced to time served on March 4, 2021, resulting in his release. (*Id.*) Since being on supervised release, he has been working for his sister's conservatorship business, which Defendant describes as a "new" business at which he earns a "few hundred dollars" each month, which is barely enough "to cover his cell phone plan and miscellaneous daily expenses." (Def.'s Mot. at 3.) As a result, he describes himself as "dependent upon the support of family and [] indigent," and asserts that he "cannot afford to pay a fine." (*Id.*) As of the date the motion was filed, Defendant owed approximately $16,000. (*Id.*)

During his time incarcerated at FCI Otisville, a Bureau of Prisons Progress Report reflects that Defendant "saved the Food Service department hundreds of dollars by fixing and maintain [sic] the multiple pieces of equipment that would have to be replaced if he didn't fix them." (*Id.* at 4; Exhibit C, BOP Progress Report). Defendant also trained and received his certification as an Electronics Technician, which allowed him to "repair and maintain numerous equipment for the Institution such as microwave[s], televisions, and food service equipment," in addition to "design[ing] the transmitter which inmates use to

---

cannot be raised except on direct appeal. *Graziano v. United States*, 83 F.3d 587, 589 (2d Cir. 1996)

listen to the television." (*Id.*) The BOP Progress report stated that "[e]very department in the institution has utilized his skills at some point to repair their respective department's equipment" and that "[t]he total cost saving for the institution could not be accurately estimated however the annual estimate could be in the thousands of dollar range depending on the projects completed." (*Id.*)

## II.    Discussion

Fines are fully independent criminal penalties that constitute part of a defendant's sentence, *United States v. Ionia Mgmt., S.A.*, 537 F. Supp. 2d 321, 322 (D. Conn. 2008), *aff'd*, 555 F.3d 303 (2d Cir. 2009), and "[i]t is well-established that a district court may not alter an imposed sentence, except in narrow circumstances. . ." *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). A "sentence to pay a fine can subsequently be modified or remitted under 18 U.S.C. § 3573" by petition of the government when reasonable efforts to collect the fine are not likely to be effective, "corrected under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742" for an arithmetical, technical, or other clear error, "or appealed and modified under 18 U.S.C. § 3742. For all other purposes, a judgment that includes a sentence to pay a fine is a final judgment. *Id.* § 3572(c)." *United States v. Rumsby*, No. 19-MJ-1626, 2021 WL 1530077, at *1 (D. Md. Apr. 19, 2021).

Defendant seeks to have the Court "deem the remaining portion of [his] fine to have been paid" by crediting the monetary value of the repair and maintenance work he performed at FCI Otisville towards the balance. (Def.'s Mot. at 3-4.) Based on the estimate in BOP's progress report that the "annual estimate" for his work repairing electronics for the institution "could be in the thousands of dollar range," Defendant contends that the value of 16 years spent repairing electronics and other devices would easily satisfy the remaining $16,000 balance of his fine. (*Id.*) Defendant maintains that he is not seeking a prospective modification, but a "retrospective accounting" that considers the "calculable value of his skilled labor to be deemed payment in full." (Def.'s Reply [Doc. # 612] at 2.) The Government

3

argues that a petition for remission or modification of a fine may only be brought by the Government under 18 U.S.C. § 3572(c)(1) and § 3573, and that it has no basis for making such a petition because it has "no basis to believe that reasonable efforts to collect the fine are not likely to be effective" based on the progress Defendant has made so far towards paying the fine. (Gov't's Mot. at 3-4.) Further, the Government "could not identify any case law to support the proposition that volunteer work while incarcerated could, in some form, be applied *nunc pro tunc* to satisfy a monetary fine imposed by the Court," and contends that it remains "inexact" how "volunteerism and good behavior" could be "properly accounted and applied to the fine." (*Id.* at 4-5.)

Regardless of the Court's views on the value of Defendant's work for FCI Otisville, the Second Circuit has held that a sentencing court "may not modify the terms and conditions of the fine except '[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective.'" *United States v. Martinez*, 281 F. App'x 39, 41 (2d Cir. 2008) (quoting 18 U.S.C. § 3573). The method of payment, and the requirement that it be monetary, is one such condition and thus cannot be modified by the Court. *See* 18 U.S.C. § 3611 (a person sentenced to pay a fine shall do so "as specified by the Director of the Administrative Office of the United States Courts," who can choose to have "such payment be made to the clerk of the court or in the manner provided for under section 604(a)(18) of title 28, United States Code"); U.S. District Court for the District of Connecticut, Payment Information, https://ctd.uscourts.gov/payment-information ("The U.S. District Court for the District of Connecticut accepts payment for criminal debt (i.e., special assessment, fine, criminal restitution) on-line. Payments can be made through Pay.gov, using a checking or savings account (ACH) or credit, debit, and prepaid cards.")

While the Court acknowledges that district courts are permitted to impose community service in lieu of a fine at the time of sentencing, the Court does not have the discretion *after* its imposition to modify the terms of the fine and permit its payment through

4

community service or comparable work, because to do so would essentially constitute an alternative sentence condition. *See* U.S.S.G. 5E1.2(e) ("If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions . . . the court shall consider alternative sanctions *in lieu of* all or a portion of the fine . . . community service is the generally preferable *alternative* in such instances.") (emphasis added); *United States v. Robinson*, 20 F.3d 1030, 1035 (9th Cir. 1994) (finding that "the district court must impose either fines *or* community service," and that requiring the defendants to instead perform community service if they could not pay their fines was a violation of 18 U.S.C. § 3572(e)'s prohibition on imposing an alternative sentence in the event a fine is not paid) (emphasis added). Thus, fines and community service are not interchangeable once imposed, and no modifications to the fine's amount is permitted except upon petition of the Government. *See Rumsby,* 2021 WL 1530077 at *1 (finding that the court did not have the legal authority to convert a defendant's fine to 100 hours of community service because such a request did not fall under any of the statutes permitting modification or remittance of a criminal fine); *United States v. Hayes,* 352 F. App'x 662, 663 (3d Cir. 2009) (affirming the denial of a defendant's motion to waive or dismiss the balance of a criminal fine because "section 3573 provides the defendant with no opportunity to seek adjustment of the fine" and "[t]he government did not file a motion under § 3573 in Hayes's case [;] therefore, the District Court lacked jurisdiction to grant his motion"). As it stands, "[c]urrent federal law simply provides defendants in [this] situation no opportunity to seek reduction or modification of a fine."[2] *United States v. Kercado,* No. 91 CR. 685 (SWK), 2002 WL 1364027, at *2 (S.D.N.Y. June 24, 2002).

---

[2] Defendant's motion also cites to Title 18, United States Code, Section 3572(d)(3), which provides that if the Defendant "notif[ies] the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," then "[u]pon the receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule . . . as the interests of justice require." The instant motion does not style itself as such a notification. However, as the Government notes, if Defendant

5

### III. Conclusion

Defendant's service to FCI Otisville is commendable, and unquestionably conferred a significant benefit on the institution, which the Court considered in connection with Defendant's motion for sentence reduction and compassionate release. (*See* [Doc. # 603]; *United States v. Perez,* 3:02cr7(JBA), [Doc. # 1474] (D. Conn. March 4, 2021).) However, the Court concludes it is without the authority to modify the Defendant's fine at his request, or to convert the value of his work for FCI Otisville into a credit that could be applied to the remaining balance. The power to petition for modification or remittance of the fine rests within the sole purview of the Government, which has represented that it does not see the basis for doing so at this time despite the representations in Defendant's motion about his financial state and indigency.[3] The motion is therefore DENIED.

IT IS SO ORDERED.



Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of February 2022.

---

chooses to provide such a notice with further details on his finances and ability to pay the fine, any party may move for adjustment of the payment schedule, or the Court may consider doing so on its own motion.

[3] The Government relies on the fact that Defendant was making payments while in prison, and that he now makes a "few hundred dollars" per month, which the Government asserts are financial circumstances that "appear to be better than while incarcerated." (Gov's Opp'n at 4.) However, the Court notes that in prison, Defendant was only paying $25 every three months, later $50 per month, and later $60 per month. (Def.'s Mot. at 1.) The monthly amount of the fine upon release increased to $400 per month, and Defendant now has expenses that he did not have in prison, such as a cell phone plan and other "miscellaneous daily expenses." (*Id.* at 3.)